J-S45021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOMAR ERIC RODRIGUEZ :
:
Appellant : No. 404 EDA 2019

Appeal from the Judgment of Sentence Entered May 31, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005981-2016

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 23, 2019**

Jomar Eric Rodriguez (Appellant) appeals from the judgment of sentence imposed after the trial court found him guilty of four counts each of possession with the intent to deliver heroin (PWID) and possession of a controlled substance; the court also convicted Appellant of one count each of criminal use of a communication facility, dealing in proceeds of unlawful activities, and criminal conspiracy.[1] Upon review, we vacate Appellant's sentence only as to Appellant's eligibility for a reduced sentence under the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S.A. §§ 4501-4512. In all other respects, the judgment of sentence is affirmed.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16); 18 Pa.C.S.A. §§ 7512(a), (5111)(a)(1), and 903.

The underlying charges arose after Appellant was involved in distributing heroin to a police informant, and law enforcement executed a search warrant on his residence. Trial Court Opinion, 4/24/19, at 1-2. Upon executing the warrant, police found 13 bundles of heroin and a handgun. N.T., 5/17/17, at 102-14. A subsequent search of Appellant revealed he had over $1,000 on his person. *Id.* at 141.

Appellant was charged with and convicted of the above crimes.[2] On May 31, 2017, the trial court sentenced Appellant to an aggregate 6 to 20 years of incarceration. On June 6, 2017, Appellant filed a timely post-sentence motion. The trial court never ruled on Appellant's post-sentence motion. On December 12, 2017, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. After appointing PCRA counsel and postponing several hearings, the court dismissed Appellant's petition, stating that the petition was "premature" because of the outstanding post-sentence motion. Order, 1/10/19, at 1. The court also ordered the clerk of

---

[2] The trial court found Appellant not guilty of drug delivery resulting in death, 18 Pa.C.S.A. § 2506(a). It appears from the record that the Commonwealth charged Appellant with violating Section 2506(a) under a theory that the heroin Appellant distributed to the police informant was then sold to an individual who subsequently died from an overdose. *See* Trial Court Opinion, 4/24/19, at 1-2.

- 2 -

courts to "enter a judgment DENYING [Appellant's] post-sentence motion for reconsideration of sentence, filed June 6, 2017, by operation of law."[3] *Id.*

On January 31, 2019, Appellant filed this appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant presents two issues for review:

> [1.] Did the lower court err in not imposing a RRRI minimum sentence at the time of sentencing, or appropriately thereafter, given that Appellant was entitled to the imposition of a RRRI minimum pursuant to 42 Pa.C.S. § 9756 and 61 Pa.C.S. § 4501, thus rendering the sentence illegal?
>
> [2.] Did the lower court abuse its discretion in rendering the sentence imposed because:
>
> > a. The lower court relied upon uncharged and unproven conduct in rendering a sentence that departed upwards from the Sentencing Guidelines, specifically, alleged evidence that Appellant had been

---

[3] A trial court has 120 days to decide a post-sentence motion; if it fails to decide it in that period, the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). At that time, "the clerk of courts shall forthwith enter an order on behalf of the court [denying the post-sentence motion by operation of law], and . . . forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Here, the 120-day period to decide Appellant's post-sentence motion expired on October 4, 2017, but the clerk of courts failed to enter an order to that effect. Thus, technically, Appellant's notice of appeal, filed on January 31, 2019, is untimely. However, "[t]his Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003). As Appellant filed his notice of appeal within 30 days of the trial court's order dated January 10, 2019—the date his post-sentence motion was denied—we decline to find that Appellant's appeal is untimely.

selling heroin for a "long time" and for about three years, where the crimes charged reflected that Appellant made three drug sales within a very short period of time;

b. The lower court failed to appropriately weigh that Appellant essentially pled guilty to the charges upon which he was sentenced;

c. The lower court, in departing upwards from the aggravated range of the guidelines, for a defendant who had no prior record, failed to appropriately consider Appellant's lack of a prior record and treated Appellant disproportionately as compared to other similarly situated individuals convicted of the same type of conduct as Appellant, suggesting that the court relied, in part, on the fact that Appellant was originally charged with drug delivery resulting in death, despite the fact that the court acquitted Appellant of that charge.

Appellant's Brief at vi.

## RRRI

Appellant first argues that the trial court erred by failing to impose an RRRI minimum sentence. Appellant's Brief at 6-7. The Commonwealth agrees, stating, "remand for a hearing is appropriate on the sole issue of determining whether Appellant, is in fact, eligible for a RRRI minimum sentence." Commonwealth Brief at 17. The Commonwealth acknowledges Appellant "may be eligible under the RRRI Act." *Id.*

Likewise, the trial court requests remand. The trial court states:

The RRRI eligibility of Appellant was briefly discussed during his verdict and sentencing on June 1, 2017. Whether Appellant was eligible for RRRI was called into question by the Commonwealth because one issue involved a firearm. However, none of the crimes charged had a firearm component, so this [c]ourt gave leave to the Commonwealth and [d]efense counsel

to research the issue and file an agreed order within ten days. On the record, this [c]ourt informed Appellant that with Appellant's aggregate sentence, Appellant's minimum sentence would be sixty months. On June 6, 2017, [d]efense [c]ounsel did file a motion for reconsideration of sentence, however, [d]efense counsel only raised issues relating to the discretionary aspects of sentencing and did not raise the issue of RRRI eligibility. On January 9, 2019, a judgment denying Appellant's post-sentence [m]otion for [r]econsideration of [s]entence by [o]peration of [l]aw was entered. Therefore, this [c]ourt respectfully requests the Superior Court [r]emand this matter so as to sentence Appellant according to his appropriate RRRI [m]inimum.

Trial Court Opinion, 4/24/19, at 4-5 (citations to notes of testimony omitted).

Appellant's "challenge relative to the failure to apply a RRRI minimum [is] a non-waivable illegal sentencing claim." ***Commonwealth v. Tobin***, 89 A.3d 663, 670 (Pa. Super. 2014) (citation omitted). "Issues relating to the legality of a sentence are questions of law." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted). "Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Id.***

We agree that remand is warranted. The relevant statute provides:

**(a) Generally.**--At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.

\* \* \*

**(c) Recidivism risk reduction incentive minimum sentence.**--If the court determines that the defendant is an eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall enter a sentencing order that does all of the following:

(1) Imposes the minimum and maximum sentences as required under 42 Pa.C.S.[A.] § 9752 (relating to sentencing proceeding generally).

(2) Imposes the recidivism risk reduction incentive minimum sentence. The recidivism risk reduction incentive minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years. . . .

61 Pa.C.S.A. § 4505.

The Sentencing Code states that a sentencing court "shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive)." 42 Pa.C.S.A. § 9756(b.1). "If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence[.]" *Id.*

In accordance with statutory law, we have repeatedly held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010); *see also Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014) (citation omitted).

As the trial court and Commonwealth concede, the issue of Appellant's RRRI eligibility was addressed but not resolved. *See* Trial Court Opinion, 4/24/19, at 4-5; Commonwealth's Brief at 17; *see also* N.T., 6/1/17, at 28-30 (trial court discussing Appellant's RRRI eligibility with parties but failing to make a determination). Therefore, Appellant received an illegal sentence, such that remand is appropriate for the trial court to determine Appellant's RRRI eligibility. If the trial court concludes that Appellant is RRRI eligible, it

shall impose an RRRI minimum sentence in accordance with Section 4505(c). If the court concludes that Appellant does not meet the criteria for eligibility, it shall enter that finding on the record.

**Discretionary Aspects of Sentence**

In Appellant's second issue, he challenges the discretionary aspects of his sentence. Appellant alleges the trial court 1) imposed a sentence that was disproportionate to those received by similarly situated individuals convicted of the same type of conduct;[4] 2) failed to appropriately consider that Appellant "essentially plead guilty to the charges"; 3) impermissibly relied upon uncharged and unproven conduct in rendering a sentence above the guidelines; and 4) failed to adequately consider numerous mitigating factors in imposing a sentence above the guidelines. Appellant's Brief at 6.

Preliminarily, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this

---

[4] In his brief, Appellant fails to further develop, nor does he provide any citation to relevant legal authority in support of his claim that the trial court "imposed a sentence that was disproportionate to those received by similarly situated individuals convicted of the same type of conduct." *See* Appellant's Brief at 9-13. Appellant also fails to provide any examples of sentences imposed by the trial court on similarly situated defendants. *See id.* This claim is therefore waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

Court's jurisdiction when challenging the discretionary aspects of a sentence."

*Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Here, Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 7-9. We therefore examine whether Appellant presents substantial questions for review.

As noted above, Appellant's first sentencing claim is waived.

In his second sentencing claim, Appellant argues that "[t]he lower court failed to appropriately weigh that Appellant essentially pled guilty to the charges upon which he was sentenced." Appellant's Brief at 6. This does not present a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[A] claim of inadequate consideration of

mitigating factors does not raise a substantial question for our review.")
(citation omitted).

In his two remaining claims, Appellant asserts that the trial court relied upon an impermissible factor in fashioning his sentence, specifically that "Appellant had been selling heroin for a 'long time,'" and that the trial court imposed an excessive sentence while **also** failing to consider multiple mitigating factors. Appellant's Brief at 6. These claims raise substantial questions. *See Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018) (a claim that the sentencing court considered an impermissible factor raises a substantial question) (citation omitted); *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted).

Presented with two substantial questions, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

Further:

> A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime." *Commonwealth v. Walls*, [] 926 A.2d 957, 961 ([Pa.] 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id.*
>
> Moreover, it is well settled that sentencing courts are not bound by the Sentencing Guidelines; the Guidelines are merely advisory. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). The sentencing court may deviate from the Sentencing Guidelines, because they are one factor among many that the court must consider when imposing a sentence. *Id.* (citation omitted). The sentencing court "may depart from the [G]uidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Id.* ([] citations omitted).

*Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018).

When a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13.

- 10 -

The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

*Commonwealth v. Coulverson*, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted).

At sentencing, Appellant waived the production of a pre-sentence investigation report, as well as a mental health evaluation. *See* N.T., 6/1/17, at 3. Prior to imposing Appellant's sentence, the trial court commented at length:

> All right. . . . the case is, as I indicated earlier, a difficult case because what brings us all here together is that a young man died well before his time, and it was from the use of heroin. So we know what heroin does to people. And as the Superior Court pointed out, as [the Commonwealth] has highlighted, it's like playing Russian roulette.
>
> On the other hand, I'm not certain that the heroin [Appellant] sold on that day is the cause of this man's death. I am certain, however, that his parents and the Commonwealth disagree with that on whether I believe that; and just not beyond a reasonable doubt is of no moment, because I really can't consider those things.
>
> What I can consider are the facts of the case, which are quite clear. And I'm obligated to consider and, [Appellant], you should understand that I have to take into account a lot of things. And I'll go through those with you so that you understand why I'm going to impose the sentence that I'm going to talk about in a few minutes.
>
> First of all, I have to consider the facts of the case. And the facts are quite simple when you take out the unfortunate death of [James] Leupold. You sold drugs on -- you sold heroin on the 19th, the 24th of May, and the first of June, and to the same person.

- 11 -

I suspect you could sell the heroin to that person every day if she'd called you. That's really not the issue.

The issue is that you're a person engaged in the distribution and sale of heroin. As we know what heroin can do, it's -- you can pick up a paper, you watch the news, you come to this courthouse, you'll -- I suspect you go to any courthouse you're going to find the same problem. There is a heroin epidemic. And it's a drug that is exceptionally dangerous, addictive and it ruins the lives of almost anybody who uses it.

And you are a participant and perhaps a contributor to that epidemic when you sell heroin, especially when you sell it in the quantity and quality that you were selling.

The testimony in the case was, as I indicated, you made three deliveries to [April] Mertz. The statements are that you were perhaps getting [10] to 15 bundles per day and delivering those. And I already heard some testimony, or saw the tape, where you said you're not really making that much money.

So I suspect in your mind it's, well, I'm not making a lot of money. I'm not a big-time dealer. But when you have that many people you're selling to, you're having an impact upon the lives in the community as a whole. You're impacting those lives individually and you're affecting the community as a whole, and so it's a very serious offense.

You were engaged in this conduct for an appreciable period of time. And I dare say, and I'm not going to give it a lot of weight, but I just want to point out something that while you appear to be someone who has said, I've learned from the last year in jail, I want to get home to my family and I'm sorry for what happened, I dare say that had you not been arrested you'd probably still be doing this. Because I believe that the facts of this case, putting aside the unfortunate death of Mr. Leupold, are quite serious because they very simply demonstrate that you were engaged in the distribution of heroin for a long period of time.

So I've taken the facts into account. Another factor I have to consider is your background, your character. I don't know much about you. I know that your counsel has pointed out that your family members have been here throughout. And for what it's worth, they've been very respectful, very appropriate. We

- 12 -

don't always see that in court. Sometimes people come in and they resent the fact that they have to be here. In your case they've been very respectful and appropriate.

And I think that speaks well of you. You have, too. You sat there and let the lawyers do their job. You've shown no emotion, which, again, is something that I credit to you because sometimes the defendants will get upset and they'll make faces and they'll try to distract the lawyer. But you seem to be very appropriate in your behavior. So I know that about you.

The guidelines in this case recommend on each of the drug counts, the delivery and the intent to deliver, [6] to 14 months for the delivery, [3] to 12 for the intent to deliver, and for Count 7, dealing in unlawful proceeds, [9] to 16 months. So that's in the standard range.

The aggravated -- or the mitigated range, of course, is probation. And the aggravated range for the dealing in proceeds would be 25 months for the delivery. So it would be 20 months, and the intent to deliver would be 20 months as well.

So the sentencing guidelines for each one contemplate a sentence -- for each delivery -- contemplate a sentence in that standard range. Now, whether that sentence is to be concurrent, consecutive, or something that is not to be considered is something that I'll talk to you about in a few minutes. But those are the guidelines.

And I've touched upon the impact this has had upon the community. When you introduce heroin into the community it has an adverse impact upon the community, as had been pointed out. I've already referred to it. It's a serious crime. It's a serious drug and it's Russian roulette.

You may -- you may not have a drug problem. You may have never used it. I don't know that. You may, you may not. I suspect that after a year in jail it's fair to say you haven't been using the drug. But you were selling it. And so the impact it's had upon the community is, quite frankly, immeasurable given the numbers that I've been presented and the things I've heard during the trial.

The need to protect the community from you and others engaged in this type of conduct is also something I must take into account. And I guess that there's an argument to be made every time the police arrest a drug dealer and take them off [the] street: There's someone else to fill in for them. And so we try not to make it too personal or try not to single you out.

But in your case there is a need that I think to protect the community that falls into your case as well. You had 13 bundles. You had packaging. You had a gun. And you had a stamp for another type of, I think it's a fair inference, another type of heroin.

So we know from Ms. Mertz that you were selling High Low, Slow Motion[.] . . . And Godfather is the third one. So we know that those are the tools of the drug dealer's trade.

And as has been pointed out, again, the amount, 13 bundles and a large amount of packaging and the statement that it was [10] to 15 bundles per day and that Ms. Mertz has been dealing with you for some period of time, are all things that, at least in my mind, suggest that you were not a casual dealer but you were someone who was much more involved in the heroin trade.

And, lastly, we have the need for your rehabilitation. Rehabilitation, as I'm sure your counsel has told you, can take many forms. Some people need drug and alcohol treatment for rehabilitation. Some need perhaps mental health treatment. Others need some time in jail. And while you may think you've been in long enough and you want to get home, you've been rehabilitated, you know, that to me means that you need to understand the nature and gravity of the offense as well. . . .

What I have to go on is your age, the nature of the offense, the number of deliveries over a short period of time, the amount of drugs that were involved, the paraphernalia and packaging, and all of the things that we've discussed.

So in my opinion my belief is that you need some period of incarceration. You need to be in the state correctional institution for some period of time, because to do otherwise would depreciate the seriousness of the offense.

And so rather than run them consecutively, because I do believe that every delivery in this case would or should have an

impact upon what he did since it is a continued course of conduct, I want to make sure that if I impose a sentence outside the standard range he understands why.

I could impose a number of consecutive sentences in the standard range for each of these and we'd end up in the same place. I don't really want to do that. I don't think that helps you in the institution to have to perhaps apply for parole one after the other.

I think it's better for you to be able to not try and assess that when you're in custody. I think it's always better to have -- to consolidate them for purposes of sentencing, so I don't want you to get the wrong impression.

N.T., 6/1/17, at 17- 26.

Consistent with the foregoing, we discern no abuse of discretion by the trial court. Appellant's claim that the trial court relied upon an impermissible sentencing factor by considering that he had been selling drugs for years is without merit. This Court has repeatedly held that unprosecuted prior criminal conduct "has long been an acceptable sentencing consideration . . . when there is evidentiary proof linking the defendant to the conduct." *Commonwealth v. P.L.S.*, 894 A.2d 120, 130 (Pa. Super. 2006); *see also Commonwealth v. Schrader*, 141 A.3d 558, 564 (Pa. Super. 2016).

The trial court stated that it "believe[d] that the facts of this case . . . are quite serious because they very simply demonstrate that you were engaged in the distribution of heroin for a long period of time." N.T., 6/1/17, at 20. The trial court explained, "[f]rom the evidence presented at trial such as the amount of heroin found, the amount of packaging material found, and the amount of heroin dealt to Ms. [Mertz], this [c]ourt could surmise that

Appellant was a dealer and had been a dealer for a long time and dealt in large quantities." Trial Court Opinion, 4/24/19, at 8. The court's findings are supported by the record, including, *inter alia*, Ms. Mertz's testimony that Appellant had been her heroin dealer for 3 years. N.T., 5/17/17, at 42.

Further, there is no merit to Appellant's claim that the trial court imposed an excessive sentence while failing to consider mitigating factors. The court's detailed remarks refute this claim. The court clearly considered numerous appropriate factors such as Appellant's age, background, and character, his appropriate behavior during the pendency of the proceedings, and his rehabilitative needs. However, the court noted the applicable standard range sentences, and discussed the facts attendant to Appellant's convictions and the serious nature of Appellant's crimes, concluding that Appellant posed a danger to the community. Accordingly, the record reflects that the court weighed the appropriate factors and provided adequate reasons for Appellant's sentence.

In sum, with the exception of Appellant's RRRI eligibility, we affirm the judgment of sentence, noting that remand for a determination of RRRI eligibility will not disturb the overall sentencing scheme.

Judgment of sentence affirmed in part and vacated in part. Case remanded only for proceedings regarding Appellant's RRRI eligibility. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/23/2019*